IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr126-MHT |
| | ) | (WO) |
| **JUSTIN REX MOSLEY** | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Justin Rex Mosley. For the reasons set forth below, the court finds that jury selection and trial, now set for September 11, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period a continuance granted based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant such a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Mosley in a speedy trial. Mosley represents that currently he is negotiating with the government concerning a possible settlement agreement, but that the September 11 trial date and

2

associated deadline for filing a notice of change of plea do not provide enough time for the parties to discuss fully the terms and conditions of any such resolution. The court sees no evidence of a lack of diligence on defense counsel's part. A continuance is warranted to enable Mosley and the government adequate time to attempt to reach a mutually satisfactory resolution of the case.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 21) is granted.

(2) The jury selection and trial, now set September 11, 2023, are reset for October 16, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a

pretrial conference prior to the new trial term and shall reset the deadlines for change of plea and any other appropriate deadlines in light of this order.

DONE, this the 21st day of August, 2023.

                                /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE